**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

SAULO GASPARETO,

    Plaintiff,

vs.   Case No. 3:12-cv-1273-J-34JRK

KONDAUR CAPITAL CORPORATION,
and FEDERAL TRUST BANK,

    Defendants.
_____

## ORDER

**THIS CAUSE** is before the Court sua sponte.

On November 21, 2012, Plaintiff, who is proceeding pro se, initiated this action by filing a four-count Complaint For Damages, in connection with the foreclosure of his home. (Doc. 1; Complaint). Finding Plaintiff's allegations regarding diversity and federal question jurisdiction to be insufficient, the Court entered an Order on November 28, 2012, directing Plaintiff to provide the Court with sufficient information to establish diversity of citizenship jurisdiction. (Doc. 4; 11/28/12 Order). Additionally, the Court determined that the Complaint failed to adequately allege federal question jurisdiction. Id. at 2. The Court also advised Plaintiff that although he is proceeding pro se, he must nonetheless comply with the requirements of the applicable rules of procedure. (Doc. 3; 11/27/12 Order). On December 12, 2012, Plaintiff responded to the Court's 11/28/12 Order, arguing that the Court indeed has diversity and federal question jurisdiction over this action. (Doc. 7; Response). Plaintiff requested, "in the alternative," that he be given leave to amend the Complaint. Id. at 2.

On August 22, 2013, the Court dismissed Plaintiff's Complaint without prejudice, after determining that the Complaint failed to properly invoke the Court's subject matter jurisdiction. (Doc. 21; 08/22/13 Order). The Court gave Plaintiff an opportunity to file a proper motion for leave to amend his Complaint by September 23, 2013, attaching a proposed amended complaint, which establishes how the Court has either diversity jurisdiction or federal question subject matter jurisdiction over his claims. Id. at 15-17. On September 23, 2013, Plaintiff filed a document entitled "Affidavit In The Nature Of Notice To The Court And Withdrawal Notice To The Defendants," in which he stated that it would "be in the best interest of all parties involved that an order shall issue by the court allowing the withdrawal of the instant case." (Doc. 22; Affidavit at 2). As a result, the Court entered an Order To Show Cause on October 1, 2013, directing the parties to show cause by a written response filed by October 21, 2013, why the case should not be dismissed without prejudice. (Doc. 23; 10/01/13 Order to Show Cause).

On October 21, 2013, Plaintiff filed a document entitled "Mandatory Judicial Notice/Cognizance Pursuant to F.R.E. 201," (Doc. 24; Motion), which the Court construed as being a Motion for Preliminary Injunction. (Doc. 25; 10/24/13 Order). The Court observed that although Plaintiff was seeking preliminary injunctive relief, he had failed to file a motion for leave to amend his complaint, meaning that there was no operative complaint in this case. Id. at 2. The Court denied the Motion without prejudice because it was not supported by a proper complaint, and, in the abundance of caution, gave Plaintiff "one final opportunity to file a motion for leave to amend his complaint, attaching a proposed amended complaint that establishes that the Court has subject matter jurisdiction over his proposed claims." Id. at 2-3

(emphasis in original).  The Court gave Plaintiff until November 22, 2013 to file the motion, attaching the proposed amended complaint as an exhibit.  Id. at 3.  In boldface type, the Court warned Plaintiff that "[f]ailure to file such a motion may result in dismissal of this case without prejudice, for lack of subject matter jurisdiction or failure to prosecute."  Id.

On November 25, 2013, Plaintiff filed a document entitled "Notice of Felony Crimes Pursuant to 18 USC 4."  (Doc. 26; Notice).  Plaintiff's Notice is a 24-page single-spaced document that includes four pages of number paragraphs with rambling and incoherent allegations, one page of incomprehensible argument, and apparent excerpts from a 1852 decision of the United States Supreme Court.  See generally Notice. The Notice is not is a motion for leave to amend the Complaint, or a proposed amended Complaint, as ordered by the Court.  Additionally, the Notice does not resolve the Court's concerns regarding subject matter jurisdiction.  As such, Plaintiff has failed to comply with the Court's precise and repeated Orders directing Plaintiff to file a motion for leave to amend his complaint, attaching a proposed amended complaint, in order to address the jurisdictional issues raised by the Court.  Moreover, Plaintiff was forewarned that failure to file a proper motion seeking leave to amend the complaint may result in dismissal without prejudice for lack of subject matter jurisdiction or failure to prosecute.  See 10/24/13 Order.  For the foregoing reasons, this case is due to  be dismissed without prejudice based upon Plaintiff's repeated failure to comply with the Court's Orders.  See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989); see also e.g. Bell v. Fla. Highway Patrol, 476 F. App'x 856, 856-57 (11th Cir. 2012); McMahon v. Cleveland Clinic Found. Police Dep't, 455 F. App'x 874, 876-77 (11th Cir. 2011).

It is hereby

**ORDERED**:

1. This case is **DISMISSED without prejudice.**

2. The Clerk of the Court is directed to terminate any pending motions and deadlines as moot, and close this file.

**DONE AND ORDERED** in Jacksonville, Florida, this 3d day of December, 2013.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

lc12

Copies to:
Counsel of Record
Unrepresented Party